# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| TUNG THANH HA | CIVIL ACTION NO. 09-CV-00699 |
| VS. | JUDGE DOHERTY |
| DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION & CUSTOMS ENFORCEMENT | MAGISTRATE JUDGE METHVIN |

## ORDER

Petitioner Tung Thanh Ha filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, as an immigration detainee in the custody of the Department of Homeland Security (DHS/ICE). At the time of filing, he was detained at the Pine Prairie Correctional Center, in Pine Prairie, Louisiana.

A memorandum order was issued on June 9, 2009, ordering the Clerk of Court to serve a summons, a copy of the habeas petition, memorandum and exhibits and a copy of the order upon the United States Attorney for the Western District of Louisiana, the United States Attorney General, the Bureau of Immigration and Customs Enforcement (DHS/ICE), and the Director of ICE.

An acknowledgment of service was filed in the record by all three served parties. However, a copy of the memorandum order and pleadings send to Ha were returned as undeliverable.

On July 6, 2009, the defendants filed a motion for dismiss for lack of jurisdiction and alternatively for failure to state a claim upon which relief may be granted. (Rec. Doc. 13). In their motion, defendants argue Ha seeks removal of an ICE detainer issued against him as a result of his criminal convictions, as being in violation of a Repatriation Agreement between

Vietnam and the United States, which provides for repatriation only of Vietnamese natives and citizens who arrive in the United States after 1995. Ha asserts he arrived in the United States in 1991, and is not subject to removal.

Defendants argue Ha is being held in fulfillment of a federal prison sentence, and not "in custody in violation of the Constitution or laws or treaties of the United States," as required by 28 U.S.C. §2241, and is not being held awaiting removal from the United States. In the Fifth Circuit, defendants argue, an ICE detainer is a procedure where the INS informs prison officials that a prisoner is subject to deportation, and asks prison officials to give the INS notice of the prisoners' death, impending release or transfer. <u>Giddings v. Chandler</u>, 979 F.2d 1104, 1105 n.3 (5th Cir. 2002). Furthermore, prisoners are not "in custody" simply because an ICE detainer has been issued against them. <u>Zolicoffer v. United States Dept. of Justice</u>, 315 F.3d 538, 541 (5th Cir. 2003). Whether Ha is actually subject to removal or not is irrelevant to whether the ICE may issue a detainer against him. Thus, the defendants ask the court to dismiss Ha's petition for a writ of habeas corpus.

A copy of the notice of motion setting was sent to Ha at Pine Prairie Correctional, but was returned "Inmate not found." (Rec. Doc. 15). Likewise, a notice of corrective action as also returned "Inmate not found." (Rec. Doc. 16).

While the defendants' motion appears to have merit, petitioner has had no opportunity to respond, as he apparently had received no court notices, and is no longer housed at Pine Prairie. Therefore, in an attempt to allow a response by petitioner,

**IT IS ORDERED** that defendants shall attempt to locate petitioner, and file his current address, or if unsuccessful, to file a memorandum detailing their attempts to do so into the record by **September 21, 2009.**

Signed at Lafayette, Louisiana, on September 16, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)